# McCracken's Heirs *versus* Graham and Jackson.

As to the form of a certificate of a balance due by administrators to be filed as a lien or notice of the balance due, under the 29th section of the act of 29th March, 1832, relating to Orphans' Courts: see the certificate in this case: the act requires only an abstract, or a condensation of the substance of the account.

ERROR to the Common Pleas of *Erie county*.

The widow and heirs of Robert McCracken, deceased, plaintiffs in error, } In the Supreme Court, No. 7,

*v.*

Carson Graham and Smith Jackson. } September term, 1850.

Writ of error by the plaintiffs, who were plaintiffs below, to review the judgment of the Court of Common Pleas of Erie county.

The defendants were administrators of the estate of Robert McCracken, deceased; and, on the 11th day of Aug., A. D. 1848, settled their final administration account in the Orphans' Court of Erie county, showing a balance in their hands of $1458. And on the same day the clerk of the Orphans' Court certified the balance due from the accountants to the Court of Common Pleas, which was on the same day filed and docketed by the prothonotary in the said Court of Common Pleas, as a lien on the real estate of said accountants. Afterwards judgments were recovered against Carson Graham, Esq., which became liens on his real estate. On the 30th day of April, 1849, a rule was granted upon the application of subsequent judgment creditors of Mr. Graham, to show cause why the said judgment or lien in this case should not be set aside; which rule, on the 29th day of Oct. 1849, was made absolute; which judgment of the court below is the matter complained of by the plaintiffs in error.

VOL. II.—27   s 2

[McCracken's Heirs v. Graham and Jackson.]

### DOCKET ENTRIES.

The widow, heirs, and estate of } Certificate of balance due by
  Robert McCracken, deceased,   | administrators (defendants) to
          *v.*                  | plaintiffs as per their adminis-
Carson Graham and Smith Jack-   } tration account, filed and con-
son, administrators of the estate | firmed in the Orphans' Court.
of Robert McCracken, deceased.  }

Certificate Orphans' Court.   Filed and entered, Aug. 11th,
1848.                              Debt, $1458.38
  Int. Aug. 7th, 1848, tax and pro. fees,          1.87
April 30th, 1849, on motion of attorneys for judgment creditors
of Carson Graham, rule to show cause why judgment should not
be set aside, granted.
  And now, Oct. 29th, 1849, rule made absolute.

### CERTIFICATE.

*Erie county, ss.*   I Wilson King, clerk of the Orphans' Court,
            in and for the county of Erie, do certify that by the account
[L. S.] of Carson Graham, and Smith Jackson, administrators of
            Robert McCracken, deceased, late of the borough of Erie,
which was finally settled and confirmed, Aug. 11th, A. D. 1848,
by the court aforesaid, there appears to be due by and in hands
of the said Carson Graham and Smith Jackson, administrators
aforesaid of the estate of said Robert McCracken, deceased, the
sum of $1458.38, out of which sum the court have directed the
expenses of auditing said account, amounting to the sum of $21,
to be paid.

In testimony whereof, I have hereunto set my hand, and
      affixed the seal of said court, at Erie, Aug. 11th, 1848.
                                    WILSON KING,
                            Clerk of the Orphans' Court.

It was assigned for error, that the court erred in making the
rule absolute, and striking off the plaintiff's lien.

The case was argued by *Marshall*, for plaintiffs in error; and by
*Galbraith*, contra.

Oct. 1.—PER CURIAM.—The statute creates the lien, the tran-
script gives notice of it; and when that is accomplished, all is
accomplished.   No particular form is prescribed, and the descrip-
tive words "transcript or extract," used disjunctively, to make the
one an equivalent for the other, are not very precise.   A transcript
would be a copy; but of what?   Surely not of the whole adminis-
tration account; and a transcript of the figures at the foot of it
would be insensible.   So would be an extract of a part of it.   The
legislature evidently meant an abstract, or, in other words, a con-

[McCracken's Heirs *v.* Graham and Jackson.]

densation of the substance; and it would have been difficult to find any other form of it better adapted to the purpose, than the one used in this instance. It imbodies the substance so clearly, that a purchaser could not be misled by it. Similar certificates are employed in almost every instance; and it would do infinite mischief if a lien founded on one of them were to be avoided.

Order of the Common Pleas reversed and rule discharged.